UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re

   TINA M. LANG,                                       05-16767 CLB

                   Debtor                          **DECISION & ORDER**
-----------------------------------------------------

                                  Thomas J. Gaffney, Esq.
                                  80 West Huron Street
                                  Buffalo, New York 14202
                                  Chapter 7 Trustee

                                  Peter D. Grubea, Esq.
                                  482 Delaware Avenue
                                  Buffalo, New York 14202
                                  Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

     The chapter 7 trustee has moved to compel the debtor to turn over $7,250, that being the non-exempt value of an automobile as of the date of the filing of this case in chapter 13. The central issue is whether the debtor must account for that value even after the conversion of her case to chapter 7.

     Tina M. Lang filed a petition for relief under chapter 13 of the Bankruptcy Code on August 10, 2005. In schedules filed with her petition, Lang reported ownership of two principal assets: a 1999 Ford Expedition vehicle and a residence at 534 Deer Street in the City of Dunkirk, New York. At the time of filing, the debtor estimated the value of her automobile at $9,650 and the value of her residence at $25,000. Although she owned the automobile free and clear of any lien or encumbrance, the residence was subject to a mortgage held by U.S. Bank National Association. In a proof of claim dated September 1, 2005, the servicer for U.S. Bank indicated an outstanding mortgage indebtedness of $32,667.28, a sum which included arrears in the amount of $12,854.34. Thus, the primary purpose of the debtor's chapter 13 plan was to cure the mortgage arrears and thereby to protect the homestead from foreclosure. To confirm a plan, however, Ms. Lang would need to satisfy the requirements of 11 U.S.C. § 1325. In particular, these

requirements included the mandate of section 1325(a)(4), that unsecured creditors receive at least as much as "if the estate of the debtor were liquidated under chapter 7."

New York law allows a debtor in bankruptcy to claim an exemption for "[o]ne motor vehicle not exceeding twenty-four hundred dollars in value above liens and encumbrances of the debtor." N.Y. DEBT. & CRED. LAW § 282(1) (McKinney 2001). At the first meeting of creditors, the chapter 13 trustee accepted the debtor's estimates for the value of her assets. After giving credit for the debtor's claim of an automobile exemption, however, the trustee calculated that the Ford Expedition retained a non-exempt value of $7,250. Relying on this non-exempt value, the trustee determined that the chapter 7 test of 11 U.S.C. § 1325(a)(4) would require the full repayment of unsecured creditors. Thus, with the trustee's support, the debtor proposed a five-year plan that contemplated a cure of all mortgage defaults and a distribution of 100% of all allowed unsecured claims. After a hearing on notice to creditors, this court then confirmed the plan by order dated October 18, 2005.

Paragraph 7 of this court's confirmation order directed the sequence of distributions from moneys paid to the chapter 13 trustee. In particular, unsecured creditors were to receive a distribution only after satisfaction of priority and secured claims. The debtor made payments into her plan for approximately four years until December 2009, when Ms. Lang exercised her right under 11 U.S.C. § 1307(a) to convert her case into one under chapter 7. At the time of conversion, the chapter 13 trustee had paid the mortgage arrears in full, but was still making distributions on account of unsecured creditors.

Promptly after conversion of this case, the Office of the United States Trustee appointed Thomas J. Gaffney to serve as the chapter 7 trustee. Gaffney conducted a first meeting of creditors on February 4, 2010. Then on February 25, he filed the present motion to compel the debtor to turn over the automobile's non-exempt value as of August 10, 2005, in the amount of $7,250. Alternatively, the trustee requested a surrender of the automobile and payment of any shortfall in his recovery of $7,250 from the proceeds of liquidation. In support of this motion, the trustee contends that the bankruptcy estate included the car's non-exempt value as of the date

of bankruptcy filing, so that the estate should continue to include this value as of the date of conversion. The debtor responds that estate property includes only the vehicle, without any guarantee of a particular value. Hence, the debtor asserts that the trustee may recover only the vehicle at its current value but with offset for the debtor's automobile exemption.

The debtor's automobile has depreciated significantly during the months after the filing of this case under chapter 13. Indeed, counsel for the debtor has submitted a "blue book" report showing that the current trade-in value may be less than the vehicle exemption under New York law.[1] For good reason, therefore, the trustee would prefer to recover the value that the car previously enjoyed prior to almost five years of additional use and obsolescence. However, the trustee is unable to suggest any clear statutory directive or plan provision that would compel such a result.

Section 348(f)(1)(A) of the Bankruptcy Code states generally that when a case under chapter 13 is converted to another chapter, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." For purposes of administration, therefore, the chapter 7 trustee may treat an asset as property of the estate if it satisfies two conditions.[2] First, it must have been property of the estate as of the date of filing. Second, it must remain in the debtor's possession or control on the date of conversion. Here, on the date of filing, the debtor owned a 1999 Ford Explorer with a value of $9,650. On the date of conversion, however, Ms. Lang owned only a depreciated vehicle with substantially reduced value. Pursuant to 11 U.S.C. § 348(f)(1)(A), therefore, only that depreciated vehicle is available for administration, and any lost depreciation is simply no longer an asset of the estate.

---

[1] The chapter 7 trustee has not objected to the debtor's claim of an exemption, and the time to raise such an objection has now expired. *See* Bankruptcy Rule 4003(b)(1). Thus, we do not now consider whether the debtor might already have dissipated her exemption so as to preclude any further realization from residual value.

[2] An exception occurs when a debtor converts a case in bad faith. In that instance, property of the converted case consists of property of the estate as of the date of conversion. 11 U.S.C. §348(f)(2). Here, the exception would have no relevance in any event, because the present dispute does not involve an enhancement of assets during the pendency of chapter 13.

The applicable text of 11 U.S.C. §348(f)(1)(B) does not change my conclusion that the bankruptcy estate in chapter 7 will include only the value of assets as of the date of conversion from chapter 13. Tina Lang filed her petition for bankruptcy relief in August 2005, prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act. Pub. L. No. 109-8, 133 Stat. 23 (2005) (codified as amended throughout 11 U.S.C. and scattered sections of 18 U.S.C. and 28 U.S.C.). Consequently, the instant matter is governed by the pre-amendment text of section 348(f)(1)(B), which states that "valuations of property . . . in the chapter 13 case shall apply in the converted case."[3] The word "valuation" is not a synonym for "value." A valuation is the process for determining value (BLACKS LAW DICTIONARY 1690 (9th ed. 2009)), but it does not necessarily constitute value that a debtor must turn over to the trustee. With language not altered by the 2005 amendments to the Bankruptcy Code, section 542(a) provides that a party in possession, custody or control of estate property "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." For cases in chapter 7, the obligation to deliver and account will first arise upon the appointment of the trustee. Thus, the value of relevance is the value at the time when delivery is supposed to occur. If the rule were otherwise, it would render meaningless the proviso that no delivery need occur when property has inconsequential value or benefit to the estate. In any event, no matter what valuations may have been used in the context of chapter 13, the party in possession can fulfill her obligations under section 542(a) by means of a delivery of the property itself. Alternatively, the debtor may account for the property by demonstrating that a proposed payment equals the chapter 13 valuation minus actual depreciation. Any duty to deliver or to account will create no additional obligation to pay a value that the asset may have lost with the passage of time. In the present instance, therefore, the debtor's automobile is now to be administered at its currently depreciated value.

---

[3] As amended in 2005, section 348(f)(1)(B) now states in relevant part that "valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7 . . . ." Thus, the current text eliminates the possibility of ambiguity and confirms the result of the instant decision, namely that upon conversion to chapter 7, the bankruptcy estate will include assets valued as of the date of conversion.

05-16767B                                                                                                5

In particular instances, a debtor and her creditors may negotiate a chapter 13 plan with special terms that address the risk of a loss of asset values due to depreciation. For example, a plan might require a security interest that extends to the otherwise exempt portion of an automobile for the benefit of unsecured creditors. These kinds of plan provisions are unusual, however, and do not exist in the present case. Nor can this court retroactively change the terms of a confirmed plan in chapter 13. Having made no provision for the consequences of automotive depreciation, Ms. Lang's plan leaves in place the provisions of 11 U.S.C. § 348(f), to the effect that her chapter 7 estate will include only the value of assets at the time of conversion.

For reasons stated herein, the court will deny the trustee's motion to compel the debtor to pay the amount of a prior valuation of her automobile. Any alternative request for a turnover of the automobile is also denied, but without prejudice to a new application for turnover after the trustee has considered whether the car's probable non-exempt value is sufficient to justify administration. To allow such consideration, the time for the trustee to object to discharge is extended until thirty days after the entry of this decision and order.

So ordered.

Dated:     Buffalo, New York               /s/     CARL L. BUCKI
           September 17, 2010              Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.